IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02970-BNB

LESTER L. WASHINGTON,
Plaintiff,

v.

COLORADO STATE UNIV. FT. COLLINS, et al.,
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, CO

MAY 12 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff Lester L. Washington initiated this action by filing *pro se* a complaint that was not on the proper form as required by the Court's local rules. **See** D.C.COLO.LCivR 8.1A. In an order filed on December 21, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Washington to file an amended complaint on the proper form and, because it appeared that Mr. Washington was asserting claims of employment discrimination, he was directed to use the Court's Title VII Complaint form. On March 8, 2010, Mr. Washington filed a Title VII Complaint. On March 10, 2010, Magistrate Judge Boland entered an order directing Mr. Washington to file a second amended complaint because his amended complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 7, 2010, Mr. Washington filed a second amended complaint.

The Court must construe the second amended complaint liberally because Mr. Washington is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the

second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the second amended complaint filed by Mr. Washington and finds that the second amended complaint also fails to comply with the pleading requirements of Rule 8. As Mr. Washington was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that Mr. Washington's first amended complaint did not comply with the pleading requirements of Rule 8 because he failed to

provide a short and plain statement of his claims showing that he is entitled to relief. In particular, Magistrate Judge Boland noted that the first amended complaint, which was 169 pages long with an additional 156 pages of attached exhibits, contained unnecessary, redundant, and irrelevant factual allegations rather than "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Magistrate Judge Boland advised Mr. Washington that it is Mr. Washington's responsibility to present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Magistrate Judge Boland also advised Mr. Washington that, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id*.

Mr. Washington asserts twenty-one numbered claims against forty-four named Defendants in the second amended complaint, which, although considerably shorter than the first amended complaint, still is eighty-seven pages long and incorporates the same 156 pages of attachments already submitted to the Court with the first amended complaint. In addition to claiming that his rights under Title VII have been violated, Mr. Washington refers in the second amended complaint to violations of a variety of other federal statutes and provisions of the United States Constitution.

The Court finds that the second amended complaint does not provide a short and plain statement of Mr. Washington's claims showing that he is entitled to relief

3

because he fails to allege, clearly and concisely, the specific facts that support each claim being asserted in the second amended complaint. Mr. Washington's conclusory assertions that his rights under a variety of federal statutes and constitutional provisions have been violated by numerous individuals and entities are not sufficient to give Defendants fair notice of the claims being asserted against them. Instead, Mr. Washington places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific allegations support each asserted claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the Court finds that the second amended complaint filed on May 7 fails to comply with the pleading requirements of Rule 8 and the action will be dismissed for that reason. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this  11th   day of   May  , 2010.

BY THE COURT:

 s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge, for  
ZITA LEESON WEINSHIENK, Senior Judge  
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02970-BNB

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/12/10

                                        GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                  Deputy Clerk