IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02970-ZLW

LESTER L. WASHINGTON,

    Plaintiff,

v.

COLORADO STATE UNIV. FT. COLLINS, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 6 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Lester L. Washington, has filed *pro se* on May 19, 2010, a motion asking the Court to reconsider the Court's Order of Dismissal and the Judgment entered in this action on May 12, 2010. The Court must construe the motion liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Mr. Washington pursuant to Rule 59(e)

because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Washington failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Washington's second amended complaint listed twenty-one claims for relief against forty-four named Defendants, was eighty-seven pages long, and incorporated 156 pages of exhibits. The Court specifically determined that the second amended complaint did not provide a short and plain statement of Mr. Washington's claims showing that he is entitled to relief because Mr. Washington failed to allege, clearly and concisely, the specific facts that support each asserted claim.

Although Mr. Washington argues repeatedly in the motion to reconsider that his rights have been violated by Defendants in numerous ways, those arguments do not relate to the pleading deficiencies that led the Court to dismiss this action. Mr. Washington also argues that the Court did not set a specific page length for an acceptable pleading, that the Court dismissed the action without clear reasons, that using the Court's complaint form was problematic, and that he needed additional time to file an adequate and sufficient second amended complaint.

Upon consideration of the liberally construed motion to reconsider and the entire

2

file, the Court finds that Mr. Washington fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Washington does not identify any intervening change in controlling law or the existence of new evidence, and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Mr. Washington was directed to file a second amended complaint that complies with the pleading requirements of Rule 8 by order filed on March 10, 2010, and he was given specific instructions regarding the pleading requirements of Rule 8. The Court's order dismissing this action reiterates those requirements and identifies how Mr. Washington's second amended complaint failed to comply with those requirements. Furthermore, the Federal Rules of Civil Procedure do not include any specific page limitations, Mr. Washington fails to demonstrate how the use of the Court's complaint form prevented him from complying with Rule 8, and the Court granted his only request for an extension of time to file a second amended complaint. Accordingly, it is

ORDERED that the motion to reconsider filed on May 19, 2010, is denied.

DATED at Denver, Colorado, this __25th__ day of __May__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02970-ZLW

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/26/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk